■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT COLEMAN, Also Known as GLENN McDOWELL, Appellant.— Judgment unanimously reversed and indictment dismissed. Memorandum: On May 26, 1970 defendant was indicted for robbery in the second degree and grand larceny in the third degree. He pleaded not guilty to these charges on May 28, 1970. At that time he was awaiting trial on a prior felony indictment on which he was convicted on September 17, 1970. He was sentenced to a term of two to seven years and was committed to Attica Correctional Facility. On December 23, 1970, after a series of adjournments, the instant case was placed upon the Trial Calendar. On January 7, 1971, trial not having been had, defendant, *pro se,* moved to dismiss the indictment for lack of prosecution. The respondent delayed four months before serving its answering affidavit. No decision was made on defendant's motion until September 22, 1971, some eight and one-half months after is was made, at which time the motion was denied and defendant was directed to return from Attica to Onondaga County for trial. On April 3, 1972, after another series of adjournments, when trial was to begin defendant again moved for dismissal by reason of delay and when his motion was again denied he pleaded guilty to the charge of grand larceny in the third degree. Defendant was sentenced to an indeterminate term having a maximum of four years and this sentence was to run concurrently with the seven-year term he was then serving. The inordinate delay of more than eight months in resolving defendant's motion to dismiss, in and of itself, was clearly violative of defendant's constitutional right to a speedy trial. Section 669-a of the Code of Criminal Procedure, which was in effect at the times pertinent herein, mandated that defendant be brought to trial not later than July 7, 1971. It is not unreasonable to suggest that the trial court had lost its jurisdiction to try

defendant six months after that date. The right to a speedy trial is guaranteed under both the Federal and State Constitutions (*Klopfer* v. *North Carolina*, 386 U. S. 213; *People* v. *Blakley*, 34 N Y 2d 311, 314; *People* v. *Miller*, 34 N Y 2d 336, 338; *People* v. *White*, 32 N Y 2d 393, 397). The judgment should be reversed and the indictment dismissed. (Appeal from judgment of Onondaga County Court convicting defendant of grand larceny, third degree). Present — Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.